## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

ROY LEE WIMS,

     Plaintiff,

-vs-

       CASE NO.

EQUIFAX INFORMATION
SERVICES LLC, TRANS UNION
LLC, CITIBANK, N.A., and 121
FINANCIAL CREDIT UNION,

     Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, ROY LEE WIMS (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), TRANS UNION LLC (hereinafter "Trans Union"), CITIBANK, N.A. (hereinafter "Citibank"), and 121 FINANCIAL CREDIT UNION (hereinafter "121 Financial") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.      Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.      Venue is proper in this District as Plaintiff is a natural person and resident of Duval County, Florida; the principal address of 121 Financial is in this District; a substantial portion of the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

14.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

16.     Citibank is an FDIC insured national bank headquartered at 380-390 Greenwich Street, New York City, New York 10013 that conducts business in the State of Florida.

17.     Citibank is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

18.     Citibank furnished Plaintiff's information to Equifax and Trans Union which was inaccurate.

19.     121 Financial is headquartered at 701 Riverside Park Place, Jacksonville, Florida 32204.

20.     121 Financial is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

21.     121 Financial furnished Plaintiff's information to Equifax and Trans Union which was inaccurate.

## FACTUAL ALLEGATIONS

22.     Plaintiff is alleged to owe a debt to Citibank as to a Shop Your Way credit card, partial account number ending in x8155 (hereinafter "Citibank Account"). Plaintiff never applied or gave permission to anyone to apply using his information for the Citibank Account.

23.     Plaintiff is alleged to owe a debt to 121 Financial as to an auto loan, partial account number ending in x0001 (hereinafter "121 Financial Account"). Plaintiff never applied or gave permission to anyone to apply using his information for the 121 Financial Account.

24.     On or about May 12, 2022, Plaintiff learned that one of his revolving lines of credit accounts had been reduced following a review of his credit history.

25.     On or about June 9, 2022, Plaintiff obtained copies of his Equifax and Trans Union credit reports. Upon further review, Plaintiff noticed numerous addresses and phone numbers that did not belong to him. Further, Plaintiff observed

accounts which did not belong to him including but not limited to the Citibank Account, 121 Financial Account, and Synchrony Bank, partial account number 601918186394**** (hereinafter "Synchrony Account"). Plaintiff believed these addresses, phone numbers, and accounts belonged to his son, Roy L. Wims, Jr.

26.     In response to the inaccurate reporting, on or about July 19, 2022, Plaintiff sent a dispute letter to Equifax and Trans Union. Plaintiff made Equifax and Trans Union aware that they were reporting inaccurate addresses and phone numbers. Plaintiff also advised Equifax and Trans Union that they were reporting accounts that did not belong to him, including but not limited to the Citibank Account and 121 Financial Account. Plaintiff included account names and statuses in his letter as well as a copy of his driver's license to confirm his identity.

27.     Plaintiff mailed out the aforementioned dispute letters via USPS Certified mail 7022 0410 0003 1201 5727 (Equifax), 7022 0410 0003 1201 5710 (Experian), 7022 0410 0003 1201 5734 (Trans Union).

28.     On or about August 12, 2022, Trans Union responded to Plaintiff's dispute letter by stating the Citibank Account and Synchrony Account were verified and updated. Further, Trans Union responded that the 121 Financial Account was verified as accurate.

29.     Trans Union failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher(s).

30.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

31.    Upon information and belief, Trans Union notified Citibank of Plaintiff's dispute. However, Citibank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

32.    Upon information and belief, Trans Union notified 121 Financial of Plaintiff's dispute. However, 121 Financial failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

33.    Plaintiff did not receive any dispute results from Equifax. However, upon review of an updated Equifax credit report, Plaintiff observed the Citibank Account continued to be reported with a comment which stated, "Consumer disputes after resolution".

34.    Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher(s).

35.    Equifax never attempted to contact Plaintiff during the alleged investigation.

36.    Upon information and belief, Equifax notified Citibank of Plaintiff's dispute. However, Citibank failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

37.    In response to Trans Union verifying the fraudulent accounts, on or about August 25, 2022, Plaintiff sent a second dispute letter to Trans Union. Plaintiff again made Trans Union aware that it was reporting inaccurate addresses. Plaintiff also advised Trans Union that they were reporting accounts that did not belong to him including the Citibank Account, 121 Financial Account, and Synchrony Account. Plaintiff included account names and statuses in his letter as well as a copy of his driver's license to confirm his identity.

38.    Plaintiff mailed out the dispute letter via USPS Certified mail 7022 0410 0003 1201 5764.

39.    On or about September 14, 2022, Trans Union responded to Plaintiff's dispute letter by stating the Citibank Account and Synchrony Account were verified and updated. Further, Trans Union responded that the 121 Financial Account was verified as accurate.

40.    Trans Union failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher(s).

41.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

42.     Upon information and belief, Trans Union notified Citibank of Plaintiff's dispute. However, Citibank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

43.     Upon information and belief, Trans Union notified 121 Financial of Plaintiff's dispute. However, 121 Financial failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

44.     On or about July 5, 2023, Plaintiff attempted to view his Trans Union credit report, but informed his request "cannot be fulfilled online at this time". However, Plaintiff was able obtained an updated copy of his Equifax credit report. Upon review, Equifax was reporting a name, addresses, and hard inquiries which did not belong to him. Further, the Citibank Account continued to be reported with a status of "Charge Off" and a balance of $6,521. Additionally, the 121 Financial Account continued to be reported with a status of "Closed" and a balance of $0. Lastly, Plaintiff observed a credit card account with The Bank of Missouri, partial account number ending in x1914 (hereinafter "TBOM Account"), which did not belong to him.

45.     On or about November 7, 2023, Plaintiff again obtained copies of his Equifax and Trans Union credit reports. Upon review, Plaintiff both Equifax and

Trans Union continued to report names, addresses, and hard inquiries which did not belong to him. Further, Plaintiff observed the inaccurate Citibank Account, 121 Financial Account, and TBOM Account continued to appear on his credit reports. To his relief, the Synchrony Account was no longer being reported.

46.     Due to the continued inaccurate report, on or about December 2, 2023, Plaintiff sent detailed dispute letters to Equifax and Trans Union. In the letter, Plaintiff explained that inaccurate names, addresses, and hard inquiries which did not belong to him were being reported and needed to be removed. Further, Plaintiff explained the Citibank Account, 121 Financial Account, and TBOM Account did not belong to him. To confirm his identity, Plaintiff included a copy of his driver's license and tax return. Further, Plaintiff included images of the erroneous credit reporting.

47.     Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 1056 7234 52) and Trans Union (9589 0710 5270 1056 7234 76).

48.     On or about December 5, 2023, Trans Union responded to Plaintiff's detailed dispute letter by stating it required proof of his Social Security number despite having already provided a copy of his driver's license and tax return which listed his Social Security number as proof of his identity.

49.     On or about December 16, 2023, Plaintiff mailed an additional copy of his detailed dispute letter via USPS Certified Mail, signature requested, to Equifax (7022 2410 0001 9435 2242) and Trans Union (7022 2410 0001 9435 2228).

50.     Despite confirmation of delivery on December 18, 2023, Plaintiff did not receive dispute results in the mail from Equifax or Trans Union.

51.     Trans Union failed to do any independent investigation into Plaintiff's dispute.

52.     Equifax failed to do any independent investigation into Plaintiff's dispute.

53.     On or about January 16, 2024, Plaintiff again obtained update copies of his Equifax and Trans Union credit reports. Upon review, Plaintiff observed the inaccurate Citibank Account, 121 Financial Account, and TBOM Account continued to be reported.

54.     On or about January 27, 2024, Plaintiff again sent detailed dispute letters to Equifax and Trans Union due to the continued inaccurate reporting. Plaintiff explained that the Citibank Account, 121 Financial Account, and TBOM Account did not belong to him and should be removed. To confirm his identity, Plaintiff included a copy of his driver's license, Social Security card, and recent tax return. In the letter, Plaintiff also included images of the erroneous reporting and other supporting documents.

55.     Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 1171 3746 45) and Trans Union (9589 0710 5270 1171 3746 69).

56.     On or about February 15, 2024, Trans Union responded to Plaintiff's detailed dispute letter by stating the Citibank Account and 121 Financial Account were verified as accurate. Trans Union did not provide any dispute results as to the TBOM Account.

57.     Trans Union failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher(s).

58.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

59.     Upon information and belief, Trans Union notified Citibank of Plaintiff's dispute. However, Citibank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

60.     Upon information and belief, Trans Union notified 121 Financial of Plaintiff's dispute. However, 121 Financial failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

61.     Despite confirmation of delivery on January 29, 2024, Plaintiff did not receive dispute results in the mail from Equifax. However, upon review of his credit report on or about February 26, 2024, to Plaintiff's relief, the erroneous Citibank Account, 121 Financial Account, and TBOM Account were no longer appearing on his credit report.

62.     On or about February 26, 2024, Plaintiff obtained updated copies of his Trans Union credit report. Upon review, Plaintiff was frustrated to see that the erroneous Citibank Account, 121 Financial Account, and TBOM Account continued to appear on his credit report.

63.     Despite Plaintiff's best efforts to have the inaccurate information and accounts removed, Trans Union continues to report the inaccuracies to Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

64.     Defendants have not conducted an actual investigation despite Plaintiff's pleas.

65.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

66.     As a result of the inaccurate credit reporting, Plaintiff's credit score has been reduced.

67.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.   Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in wasted ink and paper, and wasted time;

    ii.   Loss of time attempting to cure the error;

    iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life. Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

    iv.   Loss of the ability to benefit from lower interest rates;

    v.   Apprehensiveness to apply for credit due to the fear of rejection; and

    vi.   Defamation as Defendants published inaccurate information to third party entities.

## COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

68.    Plaintiff re-alleges and re-incorporates paragraphs one (1) through sixty-seven (67) as if fully stated herein.

69.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

70.    Equifax has had a mixed file for Plaintiff while possessing sufficient evidence that two individuals were involved in its file.

71.    Equifax allowed for Furnisher(s) to report inaccurate information on accounts. Equifax failed to have policies and procedures to avoid misreporting accounts.

72.    Upon information and belief, Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

73.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

74.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

75.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ROY LEE WIMS, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT II**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Willful)**

76.    Plaintiff re-alleges and re-incorporates paragraphs one (1) through sixty-seven (67) as if fully stated herein.

77.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

78.    Equifax has had a mixed file for Plaintiff while possessing sufficient evidence that two individuals were involved in its file.

79.    Equifax allowed for Furnisher(s) to report inaccurate information on accounts. Equifax failed to have policies and procedures to avoid misreporting accounts.

80.    Upon information and belief, Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

81.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

82.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

83.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ROY LEE WIMS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

84.     Plaintiff re-alleges and re-incorporates paragraphs one (1) through sixty-seven (67) as if fully stated herein.

85.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's consumer file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer file, and/or (4) relying upon verification from a source it has to know is unreliable. Equifax knew there were two different names associated with Plaintiff's file but failed to take any independent action to resolve the issue. Equifax blatantly ignored some of Plaintiff's disputes.

86.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

87.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

88.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

89.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ROY LEE WIMS, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT IV**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Willful)**

90.    Plaintiff re-alleges and re-incorporates paragraphs one (1) through sixty-seven (67) as if fully stated herein.

91.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's consumer file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer file, and/or (4) relying upon verification from a source it has to know is unreliable. Equifax knew there were two different names

associated with Plaintiff's file but failed to take any independent action to resolve the issue. Equifax blatantly ignored some of Plaintiff's disputes.

92.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

93.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

94.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

95.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681b.

WHEREFORE, Plaintiff, ROY LEE WIMS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff

his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

96.    Plaintiff re-alleges and re-incorporates paragraphs one (1) through sixty-seven (67) as if fully stated herein.

97.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

98.    Trans Union has had a mixed file for Plaintiff while possessing sufficient evidence that two individuals were involved in its file.

99.    Trans Union allowed for Furnisher(s) to report inaccurate information on accounts. Trans Union failed to have policies and procedures to avoid misreporting accounts.

100.   Upon information and belief, Trans Union prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

101.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit

from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

102. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

103. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ROY LEE WIMS, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

104. Plaintiff re-alleges and re-incorporates paragraphs one (1) through sixty-seven (67) as if fully stated herein.

105. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

106.   Trans Union has had a mixed file for Plaintiff while possessing sufficient evidence that two individuals were involved in its file.

107.   Trans Union allowed for Furnisher(s) to report inaccurate information on accounts. Trans Union failed to have policies and procedures to avoid misreporting accounts.

108.   Upon information and belief, Trans Union prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

109.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

110.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

111.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ROY LEE WIMS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT VII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Negligent)**

112.   Plaintiff re-alleges and re-incorporates paragraphs one (1) through sixty-seven (67) as if fully stated herein.

113.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's consumer file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer file, and/or (4) relying upon verification from a source it has to know is unreliable. Trans Union knew there were two different names associated with Plaintiff's file but failed to take any independent action to resolve the issue. Trans Union blatantly ignored some of Plaintiff's disputes.

114.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union refused to conduct

any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

115.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

116.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

117.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ROY LEE WIMS, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT VIII
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Willful)**

118.   Plaintiff re-alleges and re-incorporates paragraphs one (1) through sixty-seven (67) as if fully stated herein.

119.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's consumer file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer file, and/or (4) relying upon verification from a source it has to know is unreliable. Trans Union knew there were two different names associated with Plaintiff's file but failed to take any independent action to resolve the issue. Trans Union blatantly ignored some of Plaintiff's disputes.

120.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

121.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

122.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

123.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ROY LEE WIMS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IX
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Citibank, N.A. (Negligent)

124.   Plaintiff re-alleges and re-incorporates paragraphs one (1) through sixty-seven (67) as if fully stated herein.

125.   Citibank furnished inaccurate account information to Equifax and Trans Union and through Equifax and Trans Union to all of Plaintiff's potential lenders.

126.   After receiving Plaintiff's disputes, Citibank violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the Equifax and Trans Union; and (4) failing to permanently

and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

127.   Plaintiff provided all the relevant information and documents necessary for Citibank to have identified that the account was fraudulent.

128.   Citibank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Citibank by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file.

129.   Citibank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax and Trans Union after it had been notified that the information it was furnishing was inaccurate.

130.   As a direct result of this conduct, action and/or inaction of Citibank, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

131.   The conduct, action, and inaction of Citibank was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

132.   Plaintiff is entitled to recover costs and attorney's fees from Citibank in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ROY LEE WIMS, respectfully requests that this Court award actual damages against Defendant, CITIBANK, N.A., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT X
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Citibank, N.A. (Willful)

133.   Plaintiff re-alleges and re-incorporates paragraphs one (1) through sixty-seven (67) as if fully stated herein.

134.   Citibank furnished inaccurate account information to Equifax and Trans Union and through Equifax and Trans Union to all of Plaintiff's potential lenders.

135.   After receiving Plaintiff's disputes, Citibank violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the Equifax and Trans Union; and (4) failing to permanently

and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

136.  Plaintiff provided all the relevant information and documents necessary for Citibank to have identified that the account was fraudulent.

137.  Citibank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Citibank by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file.

138.  Citibank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax and Trans Union after it had been notified that the information it was furnishing was inaccurate.

139.  As a direct result of this conduct, action and/or inaction of Citibank, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

140.   The conduct, action, and inaction of Citibank was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

141.   Plaintiff is entitled to recover costs and attorney's fees from Citibank in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ROY LEE WIMS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, CITIBANK, N.A., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XI
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, 121 Financial Credit Union (Negligent)

142.   Plaintiff re-alleges and re-incorporates paragraphs one (1) through sixty-seven (67) as if fully stated herein.

143.   121 Financial furnished inaccurate account information to Equifax and Trans Union and through Equifax and Trans Union to all of Plaintiff's potential lenders.

144.   After receiving Plaintiff's disputes, 121 Financial violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to

accurately respond to the Equifax and Trans Union; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

145. Plaintiff provided all the relevant information and documents necessary for 121 Financial to have identified that the account was fraudulent.

146. 121 Financial did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Citibank by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file.

147. 121 Financial violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax and Trans Union after it had been notified that the information it was furnishing was inaccurate.

148. As a direct result of this conduct, action and/or inaction of 121 Financial, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental

and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

149.    The conduct, action, and inaction of 121 Financial was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

150.    Plaintiff is entitled to recover costs and attorney's fees from 121 Financial in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ROY LEE WIMS, respectfully requests that this Court award actual damages against Defendant, 121 FINANCIAL CREDIT UNION, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XII
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, 121 Financial Credit Union (Willful)

151.    Plaintiff re-alleges and re-incorporates paragraphs one (1) through sixty-seven (67) as if fully stated herein.

152.    121 Financial furnished inaccurate account information to Equifax and Trans Union and through Equifax and Trans Union to all of Plaintiff's potential lenders.

153.   After receiving Plaintiff's disputes, 121 Financial violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the Equifax and Trans Union; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

154.   Plaintiff provided all the relevant information and documents necessary for 121 Financial to have identified that the account was fraudulent.

155.   121 Financial did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Citibank by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file.

156.   121 Financial violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax and Trans Union after it had been notified that the information it was furnishing was inaccurate.

157.  As a direct result of this conduct, action and/or inaction of 121 Financial, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

158.  The conduct, action, and inaction of 121 Financial was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

159.  Plaintiff is entitled to recover costs and attorney's fees from 121 Financial in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ROY LEE WIMS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, 121 FINANCIAL CREDIT UNION, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ROY LEE WIMS, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, TRANS UNION LLC, CITIBANK, N.A., and 121 FINANCIAL CREDIT UNION, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 15th day of March 2024.

Respectfully Submitted,

***/s/ Octavio Gomez, Esq.***
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933
Tav@TheConsumerLawyers.com
Lisa@TheConsumerLawyers.com

***/s/ Frank H. Kerney, III, Esq.***
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000

Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
*Attorney for Plaintiff*